UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HENRY FRANKLIN,

        Plaintiff,        Case No. 1:11-cv-10

v.        Honorable Robert Holmes Bell

JENNIFER M. GRANHOLM et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Marquette Branch Prison. In his *pro se* complaint, he sues former Governor Jennifer Granholm; Michigan Department of Corrections Director Patricia Caruso; Wardens S.L. Burt, T. Birkett and Willie Smith, and an unknown warden; Grievance Coordinators (unknown) Klinesmith and M. Breedlove and two unknown grievance coordinators; Resident Unit Manager (unknown) Richardson; Mental Health Chief Charles Gawne; Case Manager (unknown) O'Kolha; Resident Unit Officer (RUO) Peter Wazney and an unknown RUO; and an unknown sergeant, an unknown corrections officer and an unknown nurse.

For his "Statement of Facts" Plaintiff provides the following five counts:

Count One: That all herein named Defendants did knowingly, intentionally and with the forethought to do so, enter into [a]n agreement with one or more of the herein named Defendants, to violate the Rules, Regulations, Policy's [sic] and Procedures of the MDOC, depriving Plaintiff of an environment that does none [sic] threatening/endangering.

Count Two: That all herein named Defendants did knowingly, intentionally and with the forethought to do so, enter into a[n] agreement with one or more of the herein named Defendants, to violate the language of this State which without ambiguity defines "conspiracy", to adversely effect [sic] and punish Plaintiff, where in fact Plaintiff stood guilty of no wrong.

Count Three: That all herein named Defendants did knowingly, intentionally and with the forethought to do so, enter into a[n] agreement with one or more of the herein named Defendants, to violate the State Administrative Rules of 1969, to endanger Plaintiff physically, mentally, emotionally, psychologically, equitably and, [sic] irreparably.

Count Four: That all herein named Defendants did knowingly, intentionally and with the forethought to do so, enter into a[n] agreement with one or more of the herein named Defendants, to violate the State Constitution of 1963, to deprive Plaintiff of protections, privileges, immunities and rights thereby guaranteed.

That all herein named Defendants did knowingly, intentionally and with the forethought to do so, enter into a[n] agreement with one or more of the herein named

> Defendants, to violate the Federal Constitution, to deprive Plaintiff of protections, privileges, immunities and rights thereby guaranteed.
>
> Count Five: That all herein named Defendants did knowingly, intentionally and with the forethought to do so, enter into a[n] agreement with one or more of the herein named Defendants, to retaliate against Plaintiff, for Plaintiff's exercise of "Redress of Grievance's [sic]"; and, [sic] for providing truthful and accurate testimony in Federal District Court against the MDOC. A case and testimony that detailed the circumstances of the murder of a Prisoner, by one or more of the herein named Defendants.

(Compl., Page ID ##7-8.) Plaintiff seeks injunctive relief and monetary damages.

## Discussion

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'

– that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, ___ F.3d ___, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

Plaintiff's "counts" are composed of vague and conclusory allegations against Defendants. The complaint is completely devoid of specific factual allegations against the named Defendants. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing Plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 200 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Under the standard articulated by the Supreme Court in *Twombly* and *Iqbal*, Plaintiff's complaint clearly does not contain sufficient facts for the court to draw the reasonable inference that the Defendants are liable for violations of Plaintiff's federal rights.

In addition, the majority of Plaintiff's "counts" assert violations of state laws, regulations and procedures. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Accordingly, Plaintiff's action must be dismissed for failure to state a claim.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: January 14, 2011                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE